UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRISTI LEWIS,

                              **Plaintiff,**

v.

                                                                   15-CV-562W(Sr)

YRC FREIGHT,

                              **Defendant**

---

## **DECISION AND ORDER**

Plaintiff commenced this action, *pro se*, alleging that her employer refused her request for an accommodation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, and terminated her employment because of her mental disabilities of bipolar disorder and anxiety disorder. Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #17. In support of her motion, plaintiff states that she is unable to retain an attorney to represent her because she does not have the funds to do so. Dkt. #17.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The

factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his or her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). For this reason, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his [or her] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d

Cir. 2001) (denying counsel on appeal where the petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel.  Moreover, plaintiff has demonstrated a capacity to communicate the factual basis of her claims to the Court.  Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above.  At this juncture, it is the plaintiff's responsibility to retain an attorney or press forward with her lawsuit *pro se*.  See 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 5, 2016

  *S/H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**